UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

CHEVRON CORPORATION,                                    11-MC-7003-TC

                                 Petitioner,

To Issue Subpoenas For The Taking Of                      ORDER
Depositions And the Production Of
Documents.

COFFIN, Magistrate Judge:

On November 1, 2011 Chevron Corporation filed an application under 28 U.S.C. § 1782 to

conduct discovery from Environmental Law Alliance (ELAW) to use in foreign proceedings. (#1).

Both parties have consented to magistrate jurisdiction. Currently before me is Chevron's notice of

voluntary dismissal under Fed. R. Civ. P. 4(a)(1)(A)(i), which ELAW opposes. (#s 31, 32). ELAW

argues that I should treat Chevron's notice of voluntary dismissal as a request for dismissal under

Fed. R. Civ. P. 41(a)(2) and dismiss this matter with prejudice with fees and costs[1] to ELAW.

---

[1] I note that in its response, Chevron committed to covering the costs and fees ELAW
incurred–as of December 5, 2011, in connection with responding to this action. (#33 at 3).

Page 1 - ORDER

Fed. R. Civ. P. 4(a)(1)(A)(i) provides that a plaintiff has an absolute right to dismiss a case without prejudice prior to a defendant filing an answer or responsive motion for summary judgment. The Ninth Circuit has held a plaintiff's absolute right under Rule 41(a)(1) to voluntarily dismiss an action when the defendant has not yet served an answer or a motion for summary judgment leaves no rule for the court to play, stating:

> The language of rule 41(a)(1) is unequivocal. It permits a plaintiff to dismiss an action "without order of court." ... "Th[e] [filing of notice] itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone. He suffers no impairment beyond his fee for filing."

American Soccer Co., Inc. v. Score First Enterprises, 187 F.3d 1108, 1110 (9th Cir. 1999). (internal citations omitted). Here, a review of the docket reveals that ELAW has filed neither an answer nor a responsive pleading. Accordingly, Chevron's notice of voluntary dismissal dismissed this action without prejudice. I am without jurisdiction to consider ELAW's objections.

Accordingly, the Clerk of the Court is directed to enter an order dismissing this action without prejudice.

IT IS SO ORDERED
DATED this _20_ day of December 2011.

_____
THOMAS M. COFFIN
United States Magistrate Judge

Page 2 - ORDER